JOHN W. POWELL, APPELLANT, V. E. B. DEUCHLER, APPELLEE.

FILED DECEMBER 4, 1914. No. 17,910.

1. **Evidence.** Admission of evidence complained of *held* proper under the statutory rule that, "When part of an act, declaration, conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other. * * * And when a detached act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood, or to explain the same, may also be given in evidence." Rev. St. 1913, sec. 7907.

2. **Evidence** examined, and *held* to support the verdict.

APPEAL from the district court for Jefferson county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*Sackett, Brewster & Spafford, E. A. Wunder* and *John C. Hartigan,* for appellant.

*Heasty & Barnes, contra.*

LETTON, J.

Action by the indorsee of a promissory note against the maker. The note counted upon purported to be signed by E. B. Deuchler. It was dated November 4, 1909, due September 1, 1910, for $1,800, payable to the Columbian Hog & Cattle Powder Company. It is alleged that it was sold on August 1, 1910, to plaintiff in this case, and is indorsed in blank. The defense is a general denial. The instructions of the court properly submitted the issues raised to the jury, which returned a general verdict for defendant. It also found specially that the defendant did not sign the note; that he did not deliver it to the Columbian Hog & Cattle Powder Company; and that that company did not transfer the note to plaintiff. Plaintiff has appealed.

The contentions of appellant are that the court erred in permitting the cross-examination of the witness Cook concerning matters not covered by the examination in chief; that it erred in the admission of testimony of Deuchler and his wife concerning matters outside of and foreign to the issues, and in overruling motions to strike out such testimony. It is also contended that the verdict is not sustained by sufficient evidence.

The witness Cook, in his examination and cross-examination, detailed at length the circumstances under which he testifies that the note was signed by Mr. Deuchler. In substance, he testified that he was a salesman for the Columbian Hog & Cattle Powder Company; that Deuchler signed the note in his presence. On cross-examination he testified, without objection, that he had known Deuchler for more than ten years before this transaction, having lived near him and been on particularly friendly terms with him in Richardson county, his former home; that on

the date the note was signed he went to Deuchler's farm in Jefferson county, about three or four miles from Diller, to sell him some stock powder; that he asked Deuchler to represent the company in that territory, and tried to sell him a car-load of stock powder; that he had sold him a small amount the spring before, for which he did not take a note; that he went into the house and made his regular canvass to sell goods; that he carried with him a note book and an order book; that in Mrs. Deuchler's presence he wrote out a note and an order, both of which Deuchler signed, Mrs. Deuchler being in the room when the papers were signed. Plaintiff then introduced the note and rested. The brief of appellant does not point out specifically any errors in the cross-examination of Cook, and does not refer to the pages of the bill of exceptions where they may be found. Taking all of his evidence together, we find no prejudicial error in any ruling of the district court.

Defendant, Deuchler, testified to his former acquaintance with Cook, and that he had bought stock food from him previously, detailed the conversation with Cook up to the time that he says Cook produced an order book, filled out an order blank, and the witness signed it for $1,800 worth of stock food. He denies that he ever saw more than one paper at that time, and asserts that he never signed a note. On cross-examination Deuchler manifested considerable uncertainty when the signatures on the note and on several other documents actually signed by him were shown to him in such a manner as to show nothing of the paper but the portion which contained the signatures, and said that the signature on the note looked very much like his, but that he never signed such a paper.

The contention that the testimony of Deuchler was erroneously admitted with respect to what took place at the time Cook testified the note was signed cannot be upheld. Part of the transaction having been given in evidence, the defendant was entitled to show the remainder as far as it tended to throw light upon the disputed point. This is also true with respect to the testimony of Mrs. Deuchler, which was confined to what took place at the same time.

We find no error, therefore, with respect to the admission or rejection of evidence.

Upon the point that the verdict is not sustained by sufficient evidence, there were circumstances proved which, if believed, warranted the jury in finding that the plaintiff was not a *bona fide* purchaser of the note. The only matter in which there was room for a substantial difference of opinion was as to whether the defendant actually signed the note. The instrument itself is in the record. The signature, when compared with other signatures of his in evidence, seems to the writer to be his genuine handwriting; but, on the other hand, there is the direct testimony of himself and wife to the contrary. We are reluctant to set our judgment on this question of fact against that of the jury, to whom by law the determination of such questions is submitted. We think, therefore, there is sufficient evidence to sustain the verdict.

Finding no prejudicial error in the record, the judgment of the district court is

AFFIRMED.

REESE, C. J., SEDGWICK and HAMER, JJ., not sitting.